## LEWIS THAYER *vs.* JAMES CONNOR.

A., being in the occupation of a store, used as a bird store, and being the owner of a furnace in the cellar, surrendered possession thereof to B., who executed a written promise to pay $30 to A. within three months, with a condition providing that if B. should be removed from the store, as used for a bird store, then the note should be null and void and A. should have the furnace. After a few days, the owner objected to B.'s occupying the store, and B. accordingly left the same temporarily, but ten days afterwards took a lease thereof, without restriction as to the use of the premises, and allowed C. thereafter to occupy the same as a bird store. *Held*, that B. was liable upon his promise.

CONTRACT upon the following written instrument: "Boston, Jan. 22, 1859. Three months after date, I promise to pay Lewis Thayer or order thirty dollars on demand, and if the said Connor should be removed from this building as used for a bird store then this note is null and void, and the said Thayer is to have the furnace in the cellar. James Connor." The pleadings are set forth in 5 Allen, 25.

At the second trial in the superior court, before *Vose*, J., there was evidence to show that prior to the execution of said instrument the plaintiff had occupied the store referred to as a bird store, as tenant at will of one Morse, and through the intervention of one Edwards, who desired to be employed in the business, the defendant bought of the plaintiff and paid for the furniture and fixtures in the store, and the plaintiff surrendered to him the possession thereof, and the defendant executed the promise declared on and continued in the occupation of the store until the 1st of February 1859, when Morse objected to the defendant's occupying the store for a bird store, and the defendant accordingly left it, and on the 10th of the same February Edwards agreed with Morse for the store, but Morse declined to execute a lease to Edwards, considering that he was

not responsible, and a lease for one year, dated February 1, 1859, was executed by Morse to the defendant, without restriction as to the use of the premises, and from that time the store was kept as a bird store by Edwards in his own name and for his own benefit till the expiration of the lease, and the furnace referred to was left in the store by the plaintiff and used for warming the store while Edwards was there.

The defendant asked Edwards, who was a witness, what bargain he made with Morse as to the premises, before the lease was executed, and what was the consideration of the lease; but this evidence was excluded.

The judge instructed the jury " that, if the defendant intended, when he executed said contract, to pay the plaintiff $30, to occupy the store as a bird store, either personally or through Edwards, and if, after executing the contract, he was substantially excluded and prevented from using said store for that purpose by Morse, the owner, so that he could not and did not carry out the purpose he had in view, this was such a removal from the store as constituted the contingency contemplated by the contract upon which it was to be null and void, and the defendant would not be liable to pay the sum named. But if the fact merely was, that Morse at first declined to permit the defendant to use the store, and the defendant temporarily left the store in consequence thereof, but the negotiation was immediately renewed which resulted in his procuring a lease of the store which did not prevent its use for that purpose by the defendant, and he either used it himself or permitted Edwards to use it as a bird store during the time contemplated by the written contract, viz : three months from January 22, 1859, then no such removal from the store occurred as made the contract null and void, although the defendant may have had no interest in the business carried on, and took the lease in his name to secure the payment of the rent."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon,* (*P. E. Aldrich* with him,) for the defendant.

*H. Williams,* for the plaintiff.

CHAPMAN, J. The written instrument declared on contains a condition which is loosely and obscurely expressed, and the obscurity is not entirely removed by the facts stated in the bill of exceptions. The rent of the store does not appear to be the consideration of the promise; for no amount of rent was agreed upon, nor did the plaintiff agree to lease it, or profess to have a right to do so. But he had a furnace in the cellar, and if the defendant should be able to occupy the store so as to use this furnace, the note was to be paid; otherwise the note was to be void, and the furnace was to be the property of the plaintiff. The furnace thus appears to be the consideration of the note. A majority of the court are of opinion that the condition is to be construed, not literally, but with reference to this consideration.

It appears that the defendant made a contract with the owner of the store by which he was enabled to occupy it, as the parties intended, and he thereby had the benefit of the furnace. Upon this construction of the note, the terms of the lease from Morse to Edwards were rightly held to be immaterial. And as the defendant actually enjoyed the benefit of the consideration, he ought to pay the note, though he was actually, for a short time, removed from the store. The presiding judge seems to have taken this view of the contract; his rulings were in substantial conformity with it, and they are to be sustained.

*Exceptions overruled.*